# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00171-CR

**Irma Molina, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
NO. 548,097, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING**

After a plea of no contest, appellant Irma Molina was convicted of the offense of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04(a) (West Supp. 2001). The county court at law assessed punishment at one year of community supervision and a fine of $1400, with $1200 of the fine probated. By two issues, appellant contends that the trial court erred in denying her motion to suppress evidence because the arresting officer lacked reasonable suspicion or probable cause to stop her vehicle, thus violating both the United States and Texas Constitutions' prohibitions against unreasonable searches and seizures. U.S. Const. amends. IV, XIV; Tex. Const. art. I, § 9. Because we conclude that the arresting officer possessed reasonable suspicion to stop the vehicle, we will affirm the trial-court judgment.

## BACKGROUND

During the suppression hearing, Austin Police Department Officer Michael Anthony Guerra testified that on the night of November 1, 1999, the appellant was

> swaying in and out of her lane . . . . She was -- the white hash marks on the right, she would either touch the lines with the right side, or the passenger side, of her tires, or cross over. There's a solid yellow line to her left . . . which is a turn lane. She entered that several times crossing that solid white -- yellow line.

Guerra followed the southbound appellant for several minutes before he observed her almost collide with a northbound vehicle. Guerra testified that, at that point, he stopped appellant because (1) she crossed the solid yellow line, nearly causing a collision, (2) she swerved in her own lane, and (3) her driving appeared generally unsafe.

Guerra also stated that, while following appellant, he used several methods to signal her to pull over and stop: he turned on his overhead lights; he instructed appellant to pull over via his PA system; he turned on his siren; and he alerted other patrol officers, one of whom pulled his car in front of appellant's at an intersection, which resulted in appellant stopping. Each of these measures became necessary to stop appellant when the previous measure failed. Guerra stated, "[S]he wasn't evading me, she just wasn't stopping." At that time, the officer conducted four field sobriety tests. Based on the results of these tests and appellant's driving, Guerra arrested appellant for DWI.

In addition to Guerra's testimony, the trial court viewed a videotape made by Guerra's mobile video camera of appellant's driving and arrest. The court denied appellant's motion to suppress, stating that

> [h]aving looked at the video and heard the testimony and arguments, the car in question did weave within the lane, but also weaved outside the lane and touched the

2

white line to the right and the left line, the yellow line to the left. In fact, crosses over that. And had a near miss with another car going the other direction . . . . So all of that taken together, I think, was probable cause to detain or stop the defendant in the case.

## DISCUSSION

Appellant contends that the trial court erred in denying her motion to suppress because Guerra did not have reasonable suspicion or probable cause to stop appellant. Specifically, appellant contends that she did not violate section 545.060 of the Texas Transportation Code[1] because, although she veered outside of the white lane lines, she did not endanger another vehicle. Appellant argues that without a violation of section 545.060, Guerra had no viable grounds for stopping her, and thus, all evidence of the stop and subsequent arrest should be suppressed.

The standard of review for a suppression ruling is a bifurcated review, giving almost total deference to the trial court's findings of fact, but conducting a *de novo* review of the court's application of law to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).

An officer does not need probable cause in order to stop a vehicle for a temporary investigative stop. *Stone v. State*, 703 S.W.2d 652, 654-55 (Tex. Crim. App. 1986). Rather, an officer who has a reasonable suspicion of criminal activity may stop and briefly detain persons suspected of that criminal activity. *Garza v. State*, 771 S.W.2d 549,558 (Tex Crim. App. 1986) (citing *Terry,* 392 U.S. at 22-26). To justify the stop, the officer must have specific articulable facts,

---

[1] Tex. Transp. Code Ann. § 545.060 (West 1999) (requiring an operator to drive as nearly as practical within a single lane and to move from that lane only if the movement can be made safely).

3

which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the person detained for investigation. *Terry*, 392 U.S. at 21, 30; *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). The reasonableness of a stop turns on the "totality of the circumstances" present in each case. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex. Crim. App. 1978); *Davis v. State*, 794 S.W.2d 123, 125 (Tex. App.—Austin 1990, pet. ref'd). However, if an actual violation of law is observed, there is probable cause for the traffic stop, and law enforcement officials are free to enforce the laws and detain a person for that violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Failing to drive in a single lane is a traffic-law violation if movement out of that lane is unsafe. *See* Tex. Transp. Code Ann. § 545.060 (West 1999).

Appellant relies on *State v. Hernandez*. 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd). However, *Hernandez* is distinguishable. In *Hernandez*, the alleged offense was crossing or touching the white hash-mark lines that divided traffic traveling in the same direction, in violation of section 545.060 of the Texas Transportation Code. *Id.* at 869. A violation of section 545.060 occurs only when a vehicle fails to stay within its lane *and* that movement is not safe. *Id.* at 871. In *Hernandez*, this Court held that there was no reasonable suspicion of the commission of a traffic offense because the law enforcement officers failed to state that they had reason to believe that the appellant had moved from his lane of traffic in an unsafe manner, the second requirement of section 545.060. *Id.* at 872.

4

Here, Officer Guerra testified that appellant failed to stay within her lane and that her driving was unsafe in that she nearly caused a collision. Hence, both elements of section 545.060 were met, thus providing probable cause to stop appellant because the officer observed an actual violation of the law. Because we defer to the trial court's determination that there was sufficient probable cause for the stop, we are bound to accept his averment that Guerra's stop of appellant was valid and not in violation of the United States or Texas Constitutions.

Even if the officer did not have probable cause to stop appellant, this Court would affirm the trial court's judgment because the totality of the circumstances indicates that the officer had reasonable suspicion to stop appellant's vehicle. At the suppression hearing, Officer Guerra testified that he followed the appellant for three to four minutes in heavy traffic, during which time he observed her crossing the white hash-marks that divide adjacent lanes of traffic and the solid yellow line that marks the turn lane and divides oncoming traffic; he initiated the stop only when he saw her almost collide with another car. The officer stated that

> We had to eventually stop her. At that point my suspicion of whatever she was doing was building . . . . That's why I turned on the video in the very beginning. [S]he could have dropped a cigarette. She could have dropped a cassette tape and that's why she was reaching down to pick it up. I've got many years of experience. And that's why -- in some reasons that's what it is, they drop something, they're not paying attention, they're on the cell phone. That's why I let the probable cause build. Then the minute I see an infraction or a traffic violation, or something that's dangerous, which she almost sideswiped a car . . . that's why I initiated the traffic stop.

Based on this evidence, the trial court could find reasonable suspicion for the stop, and thus no constitutional violation.

5

**CONCLUSION**

We overrule appellant's issues and affirm the judgment of the county court at law.

—

                    Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed.

Filed:   October 4, 2001

Do Not Publish